CITY OF CLIFTON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. EAST RIDGELAWN CEMETERY, A CORPORATON OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued October 18, 1938—Decided February 6, 1939.

For the plaintiff-respondent, *John C. Dluhy.*

For the defendant-appellant, *Carey & Lane* (*Robert Carey* and *Harry Lane,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is an appeal by the defendant from a judgment recovered by the plaintiff in the Supreme

Court. The case was tried before Judge Wolber without a jury, and the facts on which the court was asked to apply the law are these:

The defendant, cemetery corporation, was incorporated under "An act to authorize the incorporation of rural cemetery associations and regulate cemeteries" (*Rev.* 1877, *p.* 100; 1 *Comp. Stat., p.* 372; *R. S.* 8:1-1), in 1905, at which time it petitioned the governing body of the municipality, then known as the township of Acquackanonk, for permission to establish a cemetery within the territorial limits of the township; that an ordinance to effectuate that purpose was passed and from that time the defendant has there maintained a cemetery; that by the second paragraph of the ordinance it was provided:

"That the said East Ridgelawn Cemetery shall pay to the Township one dollar for each interment made in the cemetery * * * so long as the land is used for burial purposes and is exempt under the laws of the state from taxation because it is used as a cemetery. And it is expressly understood and agreed that the amount to be paid each year shall not be less than $300 and shall be due and payable on or before the first day of December after the passage and acceptance of this ordinance, which acceptance shall be signified by a writing under the hand of the chairman and the seal of the cemetery within ten days from the passage of this ordinance;" the cemetery corporation has never paid any sum to the municipality, and has refused to do so; nor has the defendant instituted any proceedings to test the validity of the said section of the ordinance; the said cemetery lands, under the statute, *supra,* are exempt from taxation when set apart and used for burial purposes.

It also appears in the stipulation of fact that the municipality has assessed for taxes certain of the lands not used, as the municipality claims, for burial purposes and that such taxes have never been paid nor has the cemetery corporation challenged the validity of the assessment. But that question has no place in the controversy before us and shall not be considered here. The trial court found that the plaintiff was

entitled to judgment for an amount equal to $1 for each interment made during the six years preceding the institution of the suit and judgment was entered accordingly, which, with interest, amounted to $4,502.02.

The argument of the appellant seems to be that since the cemetery lands, when actually used for cemetery purposes, are exempt "from all taxes, rates and assessments" (*R. S.* 8:2-27)—there is a similar beneficial provision in the Tax act (*R. S.* 54:4-3.9)—and because the cemetery corporation is a charitable trust (*Cf. Atlas Fence Co.* v. *West Ridgelawn Cemetery,* 110 *N. J. Eq.* 580, 591), there cannot be a waiver of the benevolence of the statute exempting these lands from taxation, and that the charge for interment is in effect the imposition of a tax; and, further (although the argument is not direct and no authority is cited) that the terms imposed by the ordinance are contrary to public policy. We are not in accord with these views. The defendant, as a matter of right, was without power to locate the cemetery within the territorial limits of the municipality unless the governing body, by ordinance (*Cf. Schinkel* v. *Fairview,* 76 *N. J. L.* 445), permitted it to do so, and the governing body was also privileged to attach to its permissive ordinance regarding the establishment of the cemetery reasonable conditions, precedent or subsequent, even to the exacting of a fee for interments, if it saw fit to do so. *Cf. Long* v. *Union,* 79 *Id.* 70, 75; compare *Cemetery Co.* v. *Newark,* 50 *Id.* 66. The grant to the defendant was clearly conditional in essence even to the fixing of a minimum exaction. The cemetery corporation, at that juncture, was free to accept or reject the ordinance as passed. If the conditions imposed by the ordinance were too burdensome, nothing compelled the defendant to locate the cemetery in that particular municipality. Nothing in the record indicates that the defendant objected to this condition of the interment fee in the ordinance at the time of its passage, but it argues that it did not formally accept the ordinance in writing, as by the ordinance it was provided. There was, however, acceptance by conduct since the record shows that interments have been made in the land for over thirty years. To embrace the serving part of the ordinance and to repu-

diate the burden of the same instrument is a complete exaltation of inconsistency that cannot be justified in logic or in law. Counsel for the appellant says that the imposition of this fee of $1 for each interment is "flying in the face of the express provision of the statute and rendering it nugatory." No authority is cited for this proposition and we know of none. Most rights, even vested rights, may be waived. *Givin* v. *Wright,* 41 *N. J. L.* 478; *affirmed,* 43 *Id.* 455; affirmed by the federal Supreme Court, 117 *U. S.* 648. By its *actual* acceptance of the benefits of the ordinance, the defendant accepted it *cum onere.* It is estopped now from challenging it—by laches if nothing else.

Further, when the governing body passed this ordinance, it acted, as it does in the case of all ordinances, which, under our law, must be advertised and passed at public hearing, in a *quasi*-judicial capacity. *Dodd* v. *State Board of Health,* 67 *N. J. L.* 463; *Long* v. *Union, supra.* Presumptively, perhaps actually, the public was heard at the final meeting in 1905, at which the ordinance was passed, and was content with it because of the very conditions of which defendant complains at this late day. At that time the defendant had its chance to be heard. It stood mute and accepted by conduct and acquiescence the ordinance in all its terms. *Volenti non fit injuria.*

But it is also urged that the municipality because of its laxity or non-action in collecting these fees, is estopped from now asserting them. Neither authority nor argument is offered to support this novel view. It is settled that a governing body of a municipality may not "bar the public rights by non-action" in a case of this character. *Jersey City* v. *New Jersey Street Railway Co., 72 N. J. L. 383, 392.* In the circumstances, estoppel, based on non-action or inattention to the public right, does not emerge.

It is finally suggested, though not argued with particularity, that the ordinance was *ultra vires* the municipal corporation. Assuming that to be so, though it is not, such a plea, unaccompanied by a tender to restore the adverse party to its former status, would not be entertained.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 16.

*For reversal*—None.